UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CHET MICHAEL WILSON** on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>**INBOX HEALTH CORP.**<br><br>*Defendant*. | Civil Case No.: |

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. The Plaintiff alleges that Inbox Health Corp. ("Defendant" or "Inbox Health") made unsolicited debt collection calls to himself and putative class members using a pre-recorded voice in violation of the TCPA.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

4. This Court has jurisdiction over Inbox Health because Inbox Health resides in this District.

5. Venue is proper in this District because the calls were directed from this District.

## PARTIES

6. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

7. Inbox Health Corp. is, and at all times mentioned herein was, a corporation in this District.

## TCPA BACKGROUND

8. The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls. *See* 47 U.S.C. § 227, *et seq*.; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

9. Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

## FACTUAL ALLEGATIONS

10. Plaintiff's cellular telephone number is (541) 999-XXXX.

11. The Plaintiff never consented to receive debt collection calls from the Defendant.

12. The Plaintiff never did any business with the Defendant.

13. Despite that, the Defendant made at least one pre-recorded debt collection call to

the Plaintiff on December 17, 2024.

14. Defendant made the call using the caller ID (808) 201-7245.

15. The calls started with a pre-recorded message including the following:

> We were unable to deliver a paper statement and need your updated address. Call 424-233-3191 to speak with the practice billing support team to provide your address or make a payment. To opt out of future calls press 2 at any time.

16. The call was clearly pre-recorded because (a) the voice sounded like a robot (b) there was a delay prior to the message being played (c) the message asked the call recipient to press a button in response and (d) the message automatically played on the Plaintiff's voicemail.

17. The Plaintiff had never requested billing information or otherwise done business with the Defendant.

18. The Plaintiff's attorney wrote to the Defendant prior to filing this lawsuit, and the Defendant did not deny making the call at issue.

## Class Action Allegations

19. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of class of all other persons or entities similarly situated throughout the United States.

20. The class of persons Plaintiff propose to represent is tentatively defined as:

> **TCPA Pre-recorded Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call Plaintiff (3) despite the fact that the call recipient never provided their telephone number to the Defendant.

This is referred to as the "Class".

21. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

22. The Class as defined above are identifiable through phone records and phone number databases.

23. The potential members of the Class number at least in the thousands.

24. Individual joinder of these persons is impracticable.

25. Plaintiff is a member of the Class.

26. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant systematically made pre-recorded calls to class members;

(b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

27. Plaintiff's claims are typical of the claims of members of the Class.

28. Plaintiff is an adequate representative of the Class because their interests do not conflict with the interests of the Class, they will fairly and adequately protect the interests of the Class, and they are represented by counsel skilled and experienced in class actions, including TCPA class actions.

29. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

30. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the TCPA Pre-recorded Class)**

31. Plaintiff repeat the prior allegations of this Complaint and incorporates them by reference herein.

32. Defendant and/or its agents transmitted unwanted telephone calls to Plaintiff and the other members of the TCPA Pre-recorded No Consent Class using a pre-recorded voice message.

33. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Miranda and the other members of the TCPA Pre-recorded Class

34. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Miranda and the other members of the TCPA Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representatives of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An award to Plaintiff and the Class of damages, as allowed by law; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** September 2, 2025

PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ Anthony Paronich*

Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100