**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **CHET MICHAEL WILSON** on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>**INBOX HEALTH CORP.**<br><br>*Defendant.* | Civil Case No.: 25-cv-1417-SVN |

**JOINT RULE 26(f) REPORT**

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, Plaintiff Chet Michael Wilson ("Plaintiff"), and Defendant Inbox Health Corp. ("Defendant" or "Inbox Health Corp." and together with Plaintiff, the "Parties") hereby respectfully submit this Joint Report of the Parties' Planning Meeting. Counsel for the Parties conferred on **November 3 and 5, 2025**. The participants were:

- Anthony Paronich, Paronich Law, P.C., for the Plaintiff.

- Robert S. Hoff, Wiggin and Dana, LLP and Paul Heeringa (*pro hac vice* application to be submitted), Manatt, Phelps & Phillips, LLP, for the Defendant.

I.    <u>**Certification**</u>

Undersigned counsel for the Parties (after consultation with their clients) certify that (a) they have discussed the nature and basis of the Parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients. The Parties advise that they have not reached an agreement on a case management plan, as discussed in Section V. below.

1

II.    **Jurisdiction**

    **A.  Subject Matter Jurisdiction**

The Plaintiff's Telephone Consumer Protection Act ("TCPA") claims invoke federal question subject matter jurisdiction. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012). Defendant does not concede (and indeed disputes) whether this Court has proper federal subject matter jurisdiction, to the extent that Plaintiff lacks standing under Article III of the U.S. Constitution to bring his TCPA claims.

    **B.  Personal Jurisdiction**

Though not conceded, personal jurisdiction is not being contested at this time.

III.   **Brief Description of the Case**

    **A.  Claims of Plaintiff**

This case involves a campaign by Inbox Health Corp. to make pre-recorded calls in alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. Mr. Wilson is seeking to represent the following class of individuals:

> **TCPA Pre-Recorded Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call Plaintiff (3) despite the fact that the call recipient never provided their telephone number to the Defendant.

    **B.  Defendant's Defenses and Claims**

Defendant disputes all of Plaintiff's allegations in this matter, contends that Plaintiff's claims are without merit (both legally and factually), contends that Plaintiff's Complaint is fatally and factually deficient, and denies that it violated the TCPA or any laws. Defendant further disputes the summary provided by Plaintiff above, and the allegations therein, and states that the foregoing summary is not an accurate recitation of the facts in this case. Defendant also disputes

whether Plaintiff has Article III standing to bring his claims, or if this case is appropriate for or capable of class treatment under Rule 23. As Defendant has not yet responded to the complaint, Defendant reserves the right to raise any and all additional available defenses to the claims, or to raise any affirmative claims against Plaintiff.

IV.     **Statement of Undisputed Facts**

The following material facts are not in dispute:

- The Plaintiff has filed a lawsuit alleging violations of the TCPA.

- Defendant is located in this District.

- Plaintiff is an individual.

V.      **Case Management Plan**

    **A.     Initial Disclosures**

The Parties anticipate exchanging initial disclosures by November 24, 2025, without prejudice to Defendant's request for a stay or bifurcation, discussed below.

    **B.     Scheduling Conference**

1.     Defendant respectfully requests that the Court conduct a pretrial conference pursuant to Fed. R. Civ. P. 16(b) to the extent the Court is inclined to enter a discovery stay or to bifurcate discovery (as Defendant requests in subsection E below) and to permit formal briefing on same. The Plaintiff is not opposed to attending such a pretrial conference but also believes that "formal briefing" of any discovery related relief that the Defendant may file can also be done without such a conference.

2.     The Parties prefer that a scheduling conference, if held, be conducted by telephone.

    **C.     Early Settlement Conference**

1.     The Parties certify that they have considered the potential benefits of attempting to

settle the case before undertaking significant discovery or motion practice. The Plaintiff believes that some discovery is required to evaluate the likely outcome of the claim and explore the affirmative defenses lodged, including any purported consent that existed to make the calls at issue, in anticipation of a potential class wide resolution. Though it contests liability, Defendant is willing to consider a potential individual resolution with Plaintiff to avoid unnecessary litigation costs, and is not interested in exploring a class-wide resolution. Defendant also believes that no discovery is necessary before the Parties can have a productive discussion on settlement.

2.      The Parties prefer a settlement conference, when such a conference is held, with a private mediator.

**D.      Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

1.      The Parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings: **None**. Defendant intends to file a motion to dismiss on its responsive pleading deadline.

2.      For the reasons noted in Section E below, Defendant believes no schedule should be entered at this time. Plaintiff submits that the Parties should be allowed until **January 16, 2026** to file motions to join additional parties and until **January 16, 2026** to file motions to amend the pleadings. Motions filed after the imposed deadline will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**E.      Discovery**

a.      **Case Management Proposals:** Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the Parties have considered the scope of

discovery permitted under Fed. R. Civ. P. 26(b)(1). The Parties have not agreed to a case management schedule and offer the following proposals:

*Plaintiff's Case Management Proposal:*

Plaintiff is opposed to a stay or bifurcation, and will oppose any such motion. Defendant's request for a stay or bifurcation should be denied because it would cause unnecessary delay, duplicative discovery, and prejudice to Plaintiff, while failing to promote any genuine efficiency. Defendant's proposal to stay discovery pending its forthcoming dispositive motion or to phase discovery between individual and class issues runs contrary to the weight of authority in this Circuit and across the country, particularly in TCPA cases.

District courts have broad discretion to manage discovery, but that discretion is guided by Rule 1's mandate to secure the just, speedy, and inexpensive determination of every action. This Court and this Circuit has long cautioned that "where there is a significant overlap in the evidence pertaining to the claims to be separated, bifurcation will not serve judicial economy." *ABB Indus. Sys., Inc. v. Prime Tech., Inc.,* 32 F. Supp. 2d 38, 43 (D. Conn. 1998) (*citing Katsaros v. Cody,* 744 F.2d 270, 278 (2d Cir. 1984)); *see also Svege v. Mercedes–Benz Credit Corp.,* 329 F. Supp. 2d 283, 284 (D. Conn. 2004) (bifurcation is "the exception and not the rule").

In TCPA actions like this one, where the evidence relating to Plaintiff's individual claim overlaps substantially with evidence relevant to class certification and common issues, courts have consistently rejected bifurcation. *See, e.g., Charvat v. Plymouth Rock Energy, LLC*, 2016 U.S. Dist. LEXIS 6778, at *6–7 (E.D.N.Y. Jan. 12, 2016); *Bond v. Folsom Ins. Agency LLC*, 2025 WL 863469, at *2–3 (N.D. Tex. Mar. 19, 2025).

The proposed bifurcation would be counterproductive. As numerous courts have explained, bifurcating discovery guarantees duplication of effort: two rounds of written discovery, two rounds

of depositions, and two sets of briefing on dispositive motions. *See Hartley-Culp v. Credit Mgmt. Co.,* 2014 U.S. Dist. LEXIS 130308, at *10 (W.D. Pa. Sept. 15, 2014) (denying bifurcation in TCPA case because it would "increase litigation expenses by protracting the discovery period and by duplicating the discovery process"). This is precisely the inefficiency Defendant's proposal would cause here, particularly where individual and class issues are intertwined—such as questions concerning Defendant's dialing systems, call logs, consent practices, and vendor relationships. Those same facts go to both the merits of Plaintiff's individual claims and the Rule 23 factors of commonality and typicality. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 33–34 (2013) ("[C]lass determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."). Attempting to parse "merits discovery" from "class discovery" would only invite further disputes over scope, resulting in inefficiency rather than economy. Courts in TCPA cases have overwhelmingly declined to bifurcate discovery for this reason. *See Cardenas v. Resort Sales by Spinnaker, Inc.,* 2021 WL 733393, at *3 (D.S.C. Feb. 24, 2021) (rejecting bifurcation where "the evidence needed to determine whether [plaintiffs] have a claim substantially overlaps with [their] ability to represent a class").

Defendant's speculation that bifurcation will allow threshold resolution of consent, standing, or statutory zone-of-interest issues is both inaccurate and unwarranted. Those issues are factual, not legal, and require full discovery into Defendant's telemarketing practices, data sources, and policies—not a limited, one-sided inquiry into Plaintiff's personal circumstances. Defendant's suggestion that discovery should initially be confined to its preferred issues is "untenable and unfair." *Wilson v. Quest Diagnostics, Inc.,* 2019 U.S. Dist. LEXIS 224798, at *9 (D.N.J. Aug. 22, 2019). Both parties are entitled to discovery on all relevant issues, not just those selected by

Defendant.

Finally, bifurcation would unfairly prejudice Plaintiff and the putative class by delaying class discovery, certification, and resolution of the case. With each passing month, relevant third-party evidence—including call records, website logs, and vendor data—becomes harder to preserve, and witness recollection fades. Delaying discovery also impedes the Court's ability to manage the case efficiently, contrary to Rule 1 and Rule 23(c)(1)(A). *See Koppelman v. Galt Ocean Manor Condo. Ass'n, Inc.,* 2016 WL 6777896, at *1 (S.D. Fla. Nov. 16, 2016) ("When discovery is delayed or prolonged it can create case management problems … and cause unnecessary litigation expenses.").

Because Defendant's motion to bifurcate or stay discovery will result in duplication, delay, and prejudice—and because the issues in this case are factually intertwined—this Court should follow the clear weight of authority and deny Defendant's request. Discovery should proceed in full and in accordance with the Federal Rules of Civil Procedure. Plaintiff's proposed discovery schedule is reflected in Section b. below.

### *Defendant's Case Management Proposal*

Defendant believes that a discovery stay during the pendency of its forthcoming dispositive motion or phased discovery would be appropriate, and requests that the Parties be permitted briefing on these topics before the Court enters a schedule. To the extent the Court does not wish to consider formal briefing, Defendant's proposal is as follows:

As Defendant intends to move to dismiss the Complaint under Rule 12(b)(1) and/or 12(b)(6), and to strike the class allegations under Rule 12(f), on its responsive pleading deadline (November 28, 2025), Defendant's position is that discovery should be temporarily stayed during the pendency of said dispositive motion for the sake of judicial economy. Courts in the Second

Circuit often grant such discovery stays. *See, e.g., Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.,* 206 F.R.D. 367, 368 (S.D.N.Y. 2002); *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc*., 2008 WL 11510668, at *3 (S.D.N.Y. June 12, 2008); DePaul v. Kimberly-Clark Corp., 2025 WL 2256307, at *1-4 (D. Conn. Aug. 7, 2025).

Defendant also submits that, in the alternative, a phased/bifurcated discovery schedule—where the parties would focus for a short period on the merits of Plaintiff's individual TCPA claim before moving to class discovery (if at all)—would be appropriate and more efficient for all concerned. *See, e.g., Harris v. Shore Funding Sols. Inc*., 2023 WL 3440077, at *5 (E.D.N.Y. Apr. 21, 2023) (finding "good cause" in a TCPA case for "limited [bifurcated] discovery related to Plaintiff's individual claim" because "such discovery would not result in duplication of efforts or substantially overlap with class discovery" and would better serve the purposes of Fed. R. Civ. P. 1). Courts have noted that "[i]n cases asserting both individual liability and potential class action claims under the TCPA [like in this case], courts have [often] bifurcated discovery 'where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery.'" *Fania v. Kin Ins., Inc*., 2024 WL 2607303, at *2 (E.D. Mich. May 24, 2024) (quoting *Pavelka v. Paul Moss Ins. Agency, LLC,* 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023)) (bifurcating discovery in "prerecorded call" case involving the same counsel). As another court more recently noted, "TCPA cases … present a unique opportunity that warrants bifurcated discovery due to th[e] cost savings" that can be realized. *Cameron v. CHW Group, Inc.,* 2025 WL 2336513, at *3 (D. Utah Aug. 13, 2025). Myriad federal courts across the country in fact (including in this Circuit) have often bifurcated discovery in TCPA cases for these reasons, given the many efficiencies to be gained by all. *See, e.g., Harris,* 2023 WL 3440077, at *5; *Sapan v. Fin. of Am. Reverse LLC,* 2025 WL 1932935, at *1-2 (C.D. Cal. July 14, 2025); *Moore v. Demand Science Grp, LLC,* 2024

WL 175743, at *1 (N.D. Ill. Jan. 4, 2024); *Osidi v. Assurance IQ, LLC,* 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022); *Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021); *Newell v. Aliera Healthcare, Inc.,* 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020); *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019); *Leschinsky v. Inter-Continental Hotels Corp.,* 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015). Notably, these courts have all rejected the same arguments against bifurcation Plaintiff lodges.

Defendant's proposed phased discovery schedule is included in Section b. below.

b.  **Proposed Schedules:** The Parties submit the following scheduling proposals:

Plaintiff's Proposed Discovery Schedule:

i.   All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), completed (not propounded) by: **July 17, 2026.**

ii.  Plaintiff anticipates that the Parties will require a total of 5-6 depositions of fact witnesses, including a single corporate representative if necessary. The depositions will be completed by: **June 5, 2026**

iii.  Plaintiff does not anticipate requesting permission to serve more than 25 interrogatories. [Defendant does not oppose.]

iv.  Plaintiff is unsure if the Parties will need to call expert witnesses at trial at this time. [Defendant concurs]

v.   The Parties designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by: **June 16, 2026**. Depositions of any such experts will be completed by **July 17, 2026.**

vi.  A damages analysis will be provided by any party who has a claim or counterclaim

for damages by **July 17, 2026.**

<u>Defendant's Proposed Discovery Schedule:</u>

If discovery is to proceed at this time, Defendant proposes a phased/bifurcated discovery schedule, where individual discovery would proceed first. In this regard, consistent with the foregoing authorities, Defendant proposes a short (90 to 120 day) "Phase 1" discovery period focused on the merits of Plaintiff's individual TCPA claims against Defendant, followed by summary judgment briefing. Defendant respectfully submits that, if discovery proceeds, the Court should enter the following bifurcated discovery schedule:

i. Discovery as to the merits of Plaintiff's individual claims to proceed for a period of ninety (90) or one hundred twenty (120) days after entry of the Court's scheduling order (no class discovery allowed during this period);

ii. Opening summary judgment motions as to the merits of Plaintiff's individual claims be due no later than thirty (30) days thereafter (though summary judgment motions may be filed at any point prior to this deadline);

iii. Oppositions to summary judgment motions due thirty (30) days after service of opening motions; and

iv. Reply briefs in support of summary judgment due fifteen (15) days after service of oppositions.

v. Defendant further proposes that either (a) class discovery resume only after the initial discovery period on Plaintiff's individual claim, or (b) the Court set a further case management conference, at the Court's convenience, after the Court has ruled on summary judgment motions relating to Plaintiff's individual TCPA claims in to order to set (if necessary and should this case proceed) a schedule for class claim

discovery and all other case management deadlines.

c. **Electronically Stored Information**: Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

d.    **Retrieval**: Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.

e.    **Privilege**: Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.

F.    **Other Scheduling Issues**

Parties' Positions: Plaintiff will file a motion for class certification by **July 24, 2026.** Defendant proposes that no such deadline be set at this time, in accordance with its proposal above.

G.    **Summary Judgment Motions**

Summary judgment motions, which must comply with Local Rule 56, will be filed:

Parties' Positions: Defendant has proposed a schedule for individual summary judgment motions above. The Parties propose that a schedule for all other summary judgment motions be at

the Court's discretion.

####    H.    Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil

Cases will be filed by:

Parties' Positions: The Parties propose the Court set a deadline for Trial Memoranda

following resolution of Plaintiff's Motion for Class Certification.

## VI.    Trial Readiness

The case will be ready for trial by:

Parties' Positions: The Parties propose the Court set a trial date following resolution of

Plaintiff's Motion for Class Certification.

As officers of the Court, undersigned counsel agree to cooperate with each other and the

Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted on November 5, 2025.

PLAINTIFF                                     DEFENDANT

By: _/s/ Anthony I. Paronich_____           By: /s/ Robert S. Hoff
    Anthony Paronich                          Robert S. Hoff (CT 27084)
    PARONICH LAW, P.C.                        Wiggin and Dana LLP
    350 Lincoln Street, Suite 2400            Two Stamford Plaza
    Hingham, MA 02043                         281 Tresser Boulevard
    Telephone: (617) 485-0018                 Stamford, CT 06901
    Facsimile:  (508) 318-8100                203-363-7600
    Email: anthony@paronichlaw.com            rhoff@wiggin.com